People v Alsina (2024 NY Slip Op 04829)

People v Alsina

2024 NY Slip Op 04829

Decided on October 03, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: October 03, 2024

Before: Manzanet-Daniels, J.P., Friedman, Gesmer, González, Pitt-Burke, JJ. 

Ind No. 4394/15 Appeal No. 2693 Case No. 2017-03428 

[*1]The People of the State of New York, Respondent,
v
Francisco Alsina, Defendant-Appellant.

Jenay Nurse Guilford, Center for Appellate Litigation, New York (Alexandra L. Mitter of counsel), for appellant.
Alvin L. Bragg, Jr., District Attorney, New York (Sheila O'Shea of counsel), for respondent.

Judgment, Supreme Court, New York County (Charles H. Solomon, J.), rendered June 15, 2017, convicting defendant, after a jury trial, of murder in the second degree, attempted murder in the second degree, assault in the first degree, and criminal possession of a weapon in the second degree (two counts), and sentencing him to an aggregate term of 35 years to life, unanimously affirmed.
The verdict rejecting defendant's justification defense was not against the weight of the evidence (see People v Danielson, 9 NY3d 342, 348-349 [2007]). There is no basis to disturb the jury's credibility determinations, including its rejection of defendant's testimony that he shot the victims when they attempted to rob him at knifepoint during a drug transaction. The jury reasonably credited the testimony of the surviving victim that defendant shot him and the decedent after a dispute over drug-dealing territory, which was corroborated by other evidence, including multiple eyewitness accounts of what had occurred and surveillance video footage.
Defendant did not preserve his contention that he was deprived of due process and a fair trial by the prosecutor's failure to correct the victim's misstatements regarding whether any promises were made in exchange for his testimony, and we decline to review it in the interest of justice. As an alternative holding, we reject it on the merits. The prosecutor conveyed to the jury upon further examination of the victim, and disclosed on summation, that a promise had been made (see People v Novoa, 70 NY2d 490, 496-497 [1987]).
We perceive no basis for reducing the sentence.THIS CONSTITUTES THE DECISION AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: October 3, 2024